UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| PAULA SILMON, | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | No. | 1:10-cr-35/1:11-cv-77 |
| | ) | | *Judge Mattice* |
| UNITED STATES OF AMERICA | ) | | |

## **MEMORANDUM**

Paula Silmon ("Silmon") timely filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Criminal Court Doc. 243).[1] Silmon alleges she was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution (Criminal Court Doc. 243). The Government opposes the motion (Criminal Court Docs. 256).

The motion, together with the files and record in this case, conclusively show Silmon is entitled to no relief under 28 U.S.C. § 2255. For the reasons which follow, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), and concludes that Silmon's § 2255 motion will be **DENIED** for lack of merit (Criminal Court Doc. 243).

## I. PROCEDURAL BACKGROUND

On March 9, 2010, a grand jury for the Eastern District of Tennessee, Chattanooga Division, filed a one hundred and forty count indictment charging nine different individuals. Count One charges all nine defendants including Silmon, and others known and unknown, with Conspiracy to Manufacture and Possess With the

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

Intent to Distribute 50 Grams of Methamphetamine (actual) and 500 Grams of a detectable amount of methamphetamine, from November 2005 to March 2010, in violation of Title 21, U.S.C. §§ 846, 841(A)(1) and (B)(1)(a). Silmon was charged in Count Two with conspiracy to possess and distribute pseudoephedrine, ephedrine, red phosphorous, and iodine to manufacture methamphetamine, from November 2005 to March 2010, in violation of Title 21 U.S.C. §§ 841(c)(2) and 846. Count Eighteen charges Glenda Sue Freeze and Silmon aided and abetted each other with possession of items to manufacture methamphetamine on November 22, 2005, in violation of Title 21 U.S.C. §843(a)(6) and Title 18 U.S.C. § 2. Count Nineteen charges these two women with aiding and abetting each other with attempting to manufacture methamphetamine on November 22, 2005, in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) and Title 18 U.S.C. § 2.

Courts Fifty through Fifty-Seven charge Silmon with possession of Pseudoephedrine to Manufacture Methamphetamine in violation of Title 21 U.S.C. § 841(c)(2) on eight different days. Counts Fifty-Eight and Fifty-Nine charge Silmon with possession of iodine to manufacture methamphetamine, in violation of Title 21 U.S.C. § 841(c)(2), on August 28, 2008, and August 31, 2001 (Criminal Court Doc. 1).

After initially not entering a plea and having the Court enter a not guilty plea on her behalf on March 24, 2010, Silmon chose to plead guilty to Count One pursuant to the terms of a plea agreement with the government on June 9, 2010 (Criminal Court Doc. 60, Minute entry of initial appearance; Doc. 113, Minute entry of plea proceeding). As part of the plea agreement, the remaining counts were dismissed. On September 20, 2010, the Court sentenced Silmon to a term of 120 months of imprisonment i.e., the

mandatory minimum, followed by a term of 5 years on supervised release (Criminal Court Doc. 152 Judgment). No direct appeal was filed.

The 2009 United States Sentencing Guidelines were used to calculate Silmon's offense level in her presentence investigation report ("PSR"). The base offense level was 32, based on USSG § 2D1.1. After a three-level reduction for acceptance of responsibility, her total offense level was 29. Silmon had five criminal history points, placing her in Category III. As a level 29/category III offender, Silmon's advisory Guidelines range was 108 to 135 months, but due to the mandatory statutory minimum sentence of ten years, the effective range was 120 to 135 months.

The Court sentenced Silmon to the statutory mandatory minimum 120 months of incarceration (Criminal Court Doc. 152). Silmon did not pursue a direct appeal but she subsequently filed this timely § 2255 motion (Criminal Court Doc. 243).

## II.  STANDARD OF REVIEW

This Court must vacate and set aside a sentence if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that, the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . ." 28 U.S.C. § 2255.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law

without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

## III. FACTS

The following pertinent facts are taken from paragraph five of Silmon's plea agreement:

> a. The defendant and others joined a conspiracy and agreed to manufacture, distribute, and possess with the intent to distribute methamphetamine. The defendant's role in the conspiracy to [sic] was to purchase pseudoephedrine and other precursor items for various methamphetamine "cooks," who in turn used the materials supplied by the defendant to manufacture and distribute methamphetamine. In addition, the defendant participated in the actual manufacture of methamphetamine herself in various stages, whether it was cooking, stripping matches, making iodine crystals, *etc.* During the course of the investigation, law enforcement agents conducted interviews, record checks, surveillance and other investigative methods to obtain information concerning the defendant's participation in the conspiracy.
>
> b. Agents interviewed a large number of witnesses and co-conspirators between 2007 and 2010 who discussed the defendant's participation in the

4

conspiracy with other various members of the organization. Interviews with witnesses and co-conspirators in the case revealed that the defendant was a knowing, intelligent, and voluntary participant in the conspiracy and that she was responsible for procuring large amounts of pseudoephedrine to be provided to methamphetamine cooks as well as participating in the cooks themselves in various ways. The agents' records checks revealed that the defendant made approximately 80 purchases of pseudoephedrine in the Eastern District of Tennessee and elsewhere totaling approximately 200 grams of pseudoephedrine during the time frame of the conspiracy and specifically between December 2006 and December 2008. Using a conservative yield ratio, this amount of pseudoephedrine would have produced approximately 100 grams of methamphetamine (actual).

c.  On November 22, 2005, the defendant and co-defendant Glenda Sue Freeze were arrested by East Ridge (TN) Police Department with a methamphetamine laboratory in the car. They were in possession of 41.76 grams of pseudoephedrine[,] enough to manufacture 20.88 grams of methamphetamine (actual).

d.  On February 13, 2006[,] officers with the Catoosa County (GA) Sheriff's Office served a search warrant at the defendant's residence on Stateline Road and recovered a methamphetamine lab. The defendant provided a voluntary statement in which she admitted allowing the methamphetamine lab to be established at her residence.

e.  On May 12, 2008, the defendant was arrested by the East Ridge (TN) Police Department with prescription drugs, key chain container[,] and a 300 gram digital scale.

f.  Agents conducted a records check of iodide purchases and learned that the defendant had brought four (4) pounds of iodide from the Bradley County (TN) co-op on August 28, 2008.

g.  On August 31, 2008, the East Ridge (TN) Police Department arrested the defendant with 2 pounds of iodine, methamphetamine[,] and digital scales.

h.  On November 12, 2008, while conducting an investigation of a co-conspirator, agents discovered the defendant's cellular telephone number in the cell phone of another known methamphetamine cooker.

i.  On January 13, 2009, the Lookout Mountain Judicial Drug Task Force conducted a lawful search of the defendant's residence at 880 W. Stateline Rd. The defendant was arrested for possession of methamphetamine and drug paraphernalia.

j.  The defendant admits, pursuant to this plea agreement that she conspired to distribute and possess with intent to distribute more than fifty (50) grams of methamphetamine (actual) and more than five hundred (500) grams of a mixture and substance containing methamphetamine. Most of the above-described events took place in the Eastern District of Tennessee.

(Criminal Court Doc. 114, pp. 3-5).

IV. ANALYSIS

Silmon's § 2255 motion to vacate is confusingly pled but the Court discerns it contains three claims. Silmon raises three intertwined claims of ineffective assistance of counsel which are actually only two claims. In what she labels as her fourth ground, Silmon states she cooperated with the government. The Court will address the two ineffective assistance of counsel claims first.

A. Ineffective Assistance of Counsel

As previously noted, Silmon submits three intertwined claims of ineffective assistance of counsel which the Court will address separately as two sub-claims under the claim of ineffective assistance of counsel. First, Silmon complains that both her "gram amount" and criminal history points were incorrect, and counsel failed to "straightened out both errors." In her second claim, Silmon supports her claim that her criminal history points were incorrect with an argument that both the "less than safe driver" charge and the "theft by deception" were misdemeanors but incorrectly counted as felonies. In her third claim, Silmon argues her "gram amount" was incorrect because the log reflecting the pseudoephedrine purchases included some purchases not made by her. The Court will address the three intertwined claims as the following two claims: (1) counsel failed to advocate for the correction of the alleged inaccurate calculation as to the drug quantity attributable to her, and (2) counsel failed to advocate for the

correction of the alleged inaccurate calculation as to her criminal history points. Before discussing the claims, the Court will analyze the law applicable to ineffective assistance of counsel claims.

    1.    *Applicable Law*

The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right extends beyond the mere presence of counsel to include "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish a claim of ineffective assistance, Silmon must demonstrate two essential elements: (1) that counsel's performance was deficient, that is, below the standard of competence expected of attorneys in criminal cases; and (2) that counsel's deficient performance prejudiced the defense, i.e. deprived the defendant of a fair trial, rendering the outcome of the proceeding unreliable. *Id.* at 687-88.

With regard to plea proceedings, Silmon must show that but for counsel's deficient performance, she would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate a reasonable probability that she would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error she would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer,* 64 F.3d 110, 118 (3rd Cir.1995). Under *Strickland*, review should be deferential and maintain a strong presumption in favor of finding counsel's conduct within the wide permissible range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

As an initial matter, the Court observes that Silmon has failed to meet the prejudice prong as to either of her ineffective assistance of counsel claims because she does not allege, much less demonstrate, a reasonable probability that she would not have pled guilty but would have insisted on going to trial but for counsel's errors. Indeed, Silmon does not ask for a trial but rather, asks the Court to correct her sentence and resentence her at a level 25 with a five year mandatory sentence and a criminal history category of 1 or 2 (Criminal Court Doc. 243).

Silmon has failed to present evidence, or even asserted, that she would have proceeded to trial but for counsel's alleged errors. Thus, Silmon has failed to fulfill her burden of proving a reasonably probability that "but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. at 59. Furthermore, as explained below, Silmon has failed to demonstrate counsel performance was deficient.

### a. <u>Incorrect Criminal History Points</u>

Silmon faults counsel for not arguing her criminal history points were incorrect. Silmon seemingly claims both the "less than safe driver" and "theft by deception" charges are misdemeanors and were incorrectly counted towards her criminal history points. Silmon would not have benefitted from any argument by counsel regarding these convictions because, first, there was no conviction for "less than safe driver" in Silmon's presentence report ("PSR"). Thus, this claim is frivolous. Second, as explained below, the theft by deception was properly counted.

According to the presentence report, Silmon was adjudged guilty of attempted theft by deception for which she was sentenced to twelve months of probation on

January 29, 1999, and for which she received one criminal history point (PSR, ¶ 27). On October 30, 2003, Silmon pled guilty to weaving and driving under the influence, for which she received a 12 month probationary sentence on each charge. Because the conviction for weaving was not countable, *see* §4A1.2(c), Silmon received one criminal history point for driving under the influence, which is countable under § 4A1.2(c) (PSR, ¶ 29),

The 2009 version of the United States Sentencing Guidelines (U.S.S.G.) was used in Silmon's case. The two convictions about which Silmon complains were properly counted because courts are to add one point to a defendant's criminal history score under U.S.S.G. §4A1.1(c) for any prior sentence that does not carry a sentence of imprisonment of at least sixty days and thus does not qualify under subsections (a) or (b). Under U.S.S.G. § 4A1.2(a)(1) a "prior sentence" includes "any sentence previously imposed." In addition, "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." § 4A1.2(a)(3). Although under certain circumstances some enumerated misdemeanor crimes are not to be counted as part of criminal history, *see* § 4A1.2(c), neither attempted theft by deception nor driving under the influence are listed as an offense that should not be counted. In addition, the Sixth Circuit has instructed "that criminal history points are to be added even for 'uncounseled misdemeanor sentences where imprisonment was not imposed.'" *United States v. Stewart*, 391 Fed. Appx. 490, 498 (6th Cir. 2010) (quoting *United States v. Stubblefield*, 265 F.3d 345, 347 (6th Cir. 2001)).

Therefore, contrary to Silmon's claim, these two prior convictions were properly factored into her criminal history calculation and her criminal history points were

accurately calculated when she received a point for each conviction under § 4A1.1(c). Consequently, Silmon's argument that her criminal history category was incorrectly calculated fails.

In addition, because Silmon's sentence was driven by the statutory mandatory minimum sentence her criminal history points did not factor into her sentence as her sentence was the consequence of her statutory mandatory minimum. Therefore, Silmon cannot show counsel was ineffective for failing to raise the argument that the two twelve month probation sentences are non-felony convictions which are not cognizable for criminal history points, as such an argument is incorrect. Accordingly, relief will be **DENIED** on Silmon's claim that counsel was ineffective at sentencing with respect to the calculation of her criminal history points.

b. <u>Incorrect Drug Calculation Amount</u>

Silmon claims the evidence attributing to her certain pseudoephedrine purchases was not accurate and counsel was ineffective for failing to make such an argument during sentencing. Contrary to Silmon's contention, counsel filed an objection to the PSR and alleged there were duplicate entries in her pseudoephedrine purchase report. The United States acknowledged the double-counting but explained that even after eliminating the twice-counted purchases, Silmon was involved in approximately one hundred fifty-five grams of in pseudoephedrine purchases, which would conservatively produce more than seventy-five grams of actual methamphetamine. Such an amount of methamphetamine is within the same range used to establish her base offense level in the PSR.

Nevertheless, Silmon pled guilty to a violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(C) and the ten-year statutory mandatory minimum sentence is what drove her sentence, not the amounts of the pseudoephedrine. Accordingly, Silmon is unable demonstrated counsel was ineffective in this regard and relief will be **DENIED** on this claim.

B. **Substantial Assistance**

As her last ground, Silmon contends she cooperated with the government and provided substantial assistance which she claims was confirmed at her sentencing hearing by Dell Thomasson (Criminal Doc. 243). Not only has Silmon failed to raise a claim, she has failed to provide any factual support. Silmon's failure to identify a claim or provide any supporting facts to support a claim regarding her alleged substantial assistance, is fatal to this claim. The burden is on Silmon to prove she is entitled to relief in this § 2255 proceeding. *Owen v. United States*, 660 F.2d 696, 702 (6th Cir. 1981). Silmon, in violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, has failed to provide any factual support for her substantial-assistance claim raised in his § 2255 motion. Therefore, the Court concludes, Silmon's factually unsupported statements are insufficient to support an evidentiary hearing or a request for relief under § 2255. *See Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) ("No hearing is required in a section 2255 proceeding if the . . . allegations in the motion are unreasonably vague [or] conclusory[.]").

Because the Court is unable to determine to what Silmon is referring, the Court concludes she has inadequately pled this claim under Rule 2(b) of the Rules Governing

Section 2255 Cases in the United States District Courts, which requires claims be plead with factual specificity. Accordingly, relief will be **DENIED** on this claim for failing to set forth "the facts" supporting this claim. Rule 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts.

Alternatively, even if Silmon is claiming the government committed error by failing to file a § 5K1.1 motion, she is not entitled to any relief. Whether alleged substantial assistance is requested pursuant to Rule 35 of the Federal Rules of Criminal Procedure or United State Sentencing Guidelines ("U.S.S.G.") § 5K1.1, the decision whether to file a substantial assistance motion lies solely within the discretion of the government. *See United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000) ("Where . . . a plea agreement contemplates that the Government will make a § 5K1.1 motion if the defendant provides truthful cooperation, the Government remains the appropriate party to assess whether the defendant has performed that condition adequately").

A court may remedy the government's decision not to file a substantial assistance motion only if the government's decision was based on an unconstitutional motive or was not rationally related to a legitimate governmental objective. *Wade v. United States*, 504 U.S. 181, 185-86 (1992). "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id.* at 186. In order to obtain discovery or an evidentiary hearing, a defendant must make a "substantial threshold showing." *Id.* at 186.

In the present case, Silmon has failed to make a "substantial threshold showing[,]" much less allege that the government refused to file a motion for

12

unconstitutional reasons such as her race or religion. Accordingly, Silmon will be **DENIED** relief on her claim that she provided substantial assistance.

## V. CONCLUSION

For the reasons set forth above, the Court concludes Silmon is not entitled to any relief under 28 U.S.C. § 2255, and her § 2255 motion will be **DENIED** (Criminal Court Doc. 243).

An appropriate judgment will enter.

_/s/ Harry S. Mattice, Jr._
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
